575 F.2d 894
 188 U.S.App.D.C. 13
 BROOKLYN UNION GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Tennessee Gas Pipeline Co., Continental Oil Co., Public
Service Commission of the State of New York, and
State of Louisiana, Intervenors.
PUBLIC SERVICE COMMISSION OF the STATE OF NEW YORK, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Cities Service Oil Co., Tennessee Gas Pipeline Company,
Continental Oil Company, and the State of
Louisiana, Intervenors.
TEXAS EASTERN TRANSMISSION CORPORATION, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Public Service Commission of the State of New York,
Tennessee Gas Pipeline Co., and State of
Louisiana, Intervenors.
ASSOCIATED GAS DISTRIBUTORS, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Public Service Commission of the State of New York and State
of Louisiana, Intervenors.
CITIES SERVICE OIL COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Associated Gas Distributors, Texaco, Inc., Public Service
Commission of the State of New York, and State of
Louisiana, Intervenors.
CONTINENTAL OIL COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Tennessee Gas Pipeline Company, etc., Public Service
Commission of the State of New York, Associated
Gas Distributors, and State of
Louisiana, Intervenors.
 Nos. 75-1581, 75-1584, 75-1644, 75-1698, 75-1801 and 75-1802.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 22, 1976.
Decided Feb. 9, 1978.
 
 Frederick Moring, Washington, D. C., with whom Kenneth A. Rubin, Washington, D. C., was on the brief for petitioners in Nos. 75-1581 and 75-1698 and intervenor, Associated Gas Distributors.
 Richard A. Solomon, Washington, D. C., with whom Peter H. Schiff, Gen. Counsel, Public Service Commission of the State of New York, Albany, N. Y., was on the brief, for petitioner in No. 75-1584 and intervenor Public Service Commission of the State of New York also argued for petitioners in Nos. 75-1581 and 75-1698.
 Platt W. Davis III, Washington, D. C., for petitioner in No. 75-1644. James W. McCartney and F. J. Coleman, Jr., Houston, Tex., were on the brief, for petitioner in No. 75-1644.
 Tom Burton, Houston, Tex., for petitioner in No. 75-1802 and intervenor, Continental Oil Co.
 Scott M. DuBoff, Atty., Federal Energy Regulatory Commission, Washington, D. C., with whom Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel and Allan Abbot Tuttle, Solicitor, Federal Energy Regulatory Commission, Washington, D. C., were on the brief for respondent. John H. Burnes, Jr., Atty., Federal Energy Regulatory Commission and John R. Staffier, Atty., Federal Energy Regulatory Commission, Washington, D. C., at the time the record was filed also entered appearances for respondent.
 
 
 1
 Sam Riggs, Jr., and Robert S. Wheeler, Tulsa, Okl., were on the brief for petitioners in No. 75-1801 and intervenor Cities Service Oil Co.
 
 
 2
 Melvin Richter, Terrence J. Collins and Lilyan G. Silbert were on the brief for intervenor, Tennessee Gas Pipeline Co.
 
 
 3
 James R. Patton, Jr., Harry E. Barsh, Jr., David B. Robinson and Linda E. Buck, Washington, D. C., entered appearances for intervenor, The State of Louisiana.
 
 
 4
 Kirk W. Weinert, C. Fielding Early, Jr., and Roger L. Brandt, Houston, Tex., entered appearances for intervenor, Texaco, Inc.
 
 
 5
 Before BAZELON, Chief Judge, LEVENTHAL and ROBINSON, Circuit Judges.
 
 
 6
 Opinion Per Curiam.
 
 PER CURIAM:
 
 7
 This case involves a challenge by the New York Public Service Commission and various gas distributors to the FPC's so-called Chandeleur policy, under which producers are permitted to use some of their offshore natural gas for their own refining and other processes.
 
 
 8
 In its opinion No. 727, issued on April 17, 1975, the Commission, pursuant to Chandeleur, granted certificate applications permitting sequestration of offshore gas for the producers' own use. The certificates were, however, conditioned to limit the percentage of offshore gas reserves which could be sequestered to twenty percent. Additional conditions were also imposed. The producers ultimately rejected the certificates.
 
 
 9
 In light of this development, we believe the case no longer presents a continuing controversy. Consequently, it is dismissed as moot.
 
 
 10
 So ordered.